Peck, J.
dissenting.
I have heard nothing that convinces me of the propriety of changing the opinion delivered by Judge Whyte and myself, at a former term of this court, upon the effect of the return of the sheriff. That the record, of which the execution forms a part, must be produced and looked to in making out the chain of title, has never beer, questioned in Tennessee, and that the return upon the .execution made by the officer, both of levy and sale, when replaced in the office from whence it issued, is thenceforward a record, is equally clear and unquestionable, The return thus of record is an evidence of facts done in pais. It is more certain than frail memory, .and hence the wisdom of the law in preserving, in this form, the evidence of levy and sale. If it be true that the deed, reciting what has been done, can alone be looked to, md that such recitals must be taken as true, without the aid bf the return, then it will follow that our land titles will'be suspended upon a frail tenure. A sale may be made, the execution concealed, not lost, and other lands thaii those levied on or sold,' conveyed. Subsequent sheriffs make deeds, long after sales made by a previous sheriff. Years after the transaction has passed, the title will be made to depend upon matters of mere memory, or upon the fabricated stories of executions,, levies and sales, where none existed. The very question may be the description of the land, and the conformity in the deed with the return upon the execution. The description of the land in the deed, is a .recital of what the execution shows. How a recital shall become higher evidence than the thing, recited, is a- position in law not easily to be seen. A party may, by a recital, estop himself from denying the existence of the matter recited. The sheriff would be *185 estopped by his recital; but the rule does not apply to others. The recitals in the sheriff’s deed must be sustained by the production of the thing recited; the return, when produced against the debtor, where land has been sold, and this, when produced, must be taken altogether. Whether the sheriff has returned the truth or a falsehood, is a matter not before me, it is enough that he shows in his return that he sold an equity only, and the plaintiffs having shown that fact to the court and jury, when he produced the execution, is forbid to deny it. A purchaser at sheriff’s sale is not bound to pay the money until he has seen the reten endorsed upon the execution. It is the evidence of his right, and he is entitled to have it entered before he pays. Mitchell, then, must have known what title he was getting; he cannot garble the return upon the trial-, and say that part shall be received as evidence, and part shall not; the whole must be taken.
The return has always been resorted to in this country, in looking to the title, as those conversant- with the practice know. It was one of the questions in the case of Vance vs. M’Nairy, and then it became important to see if the description of the land was the same in the deed with that of the return. It became a turning point in the cause, was debated with ability by counsel, and gravely considered of by the court. See the case 3 Yerg. Rep. 177, 178. (Judge Green’s opinion.)
Every state in the Union has her own policy in "the mode of transferring real estate. It has been the business of the legislature, and of the courts, to guard the transfer, by officer’s sales, with caution. _If the reten need not be looked to, in sales for taxes, where a part only may be bid for, and in all the other cases given in the statutes of the country, but that the recital in the deed' alone should do, then will the rights to our freeholds and lands become the most precarious of all rights, depending alone upon the integrity of sheriffs. The authorities referred to in Johnston and Condensed Reports have *186 aPP^'ca^on t0 the point here preseated, and if they had application, still the course of decision in this State hag keen adverse to them.
3 udgment reversed.